## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WAKA, LLC,** ) | |
| ) | |
| **A Virginia Limited Liability Company,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:06cv00984 EGS** |
| ) | |
| ) | |
| **DC KICKBALL,** ) | |
| ) | |
| **A Washington, D.C. Non-stock Corporation** ) | |
| **1843 Biltmore St., N.W., Apt. B** ) | |
| **Washington, D.C. 20009-1903** ) | |
| ) | |
| **and** ) | |
| ) | |
| **CARTER RABASA, Individually** ) | |
| ) | |
| **1843 Biltmore St., N.W., Apt. B** ) | |
| **Washington, D.C. 20009-1903** ) | |
| ) | |
| **Defendants** ) | |
| ) | |
| _____ ) | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

COME NOW, DC Kickball and Carter Rabasa (collectively referred to as "Defendants"), Defendants in the above-entitled matter, and file their Answer, Affirmative Defenses, Counterclaims and Demand For Jury Trial as follows:

### DEFENDANTS' ANSWER

Defendants answer the allegations in the correspondingly numbered paragraphs of the Plaintiff's Complaint as follows:

## NATURE OF ACTION

1.      Defendants admit that this action involves alleged claims of copyright infringement and defamation.   Defendants deny the remainder of the allegations in Paragraph 1.

2.      Denied.

## HISTORY OF WAKA AND ITS RULES

3.      Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 3, and therefore deny the same.

4.      Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 4, and therefore deny the same.

5.      Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 5, and therefore deny the same.

6.      Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 6, and therefore deny the same.

7.      Defendants admit that Rabasa is a former WAKA division president. Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations of Paragraph 7, and therefore deny the same.

8.      Defendants admit that there are social kickball groups around the country. Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations of Paragraph 8, and therefore deny the same.

## PARTIES

9.      Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 9, and therefore deny the same.

10.    Admitted.

11.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 11, and therefore deny the same.

## JURISDICTION AND VENUE

12.    Defendants incorporate the responses to Paragraphs 1 through 11 above, as if fully set forth herein.  No further response is required as the statement in Paragraph 12 does not require an admission or denial.

13.    Defendants admit that this action involves alleged claims of copyright infringement.

14.    Defendants admit that this action involves alleged claims for damages under the Lanham Act.

15.    Defendants admit that the United States District Court for the District of Columbia has jurisdiction of the alleged copyright claims in this action.

16.    Denied.

17.    Defendants admit that the United States District Court for the District of Columbia has personal jurisdiction over Defendants.  Defendants deny the remainder of the allegations in Paragraph 17.

18.    Defendants admit that venue is proper in the District of Columbia. Defendants deny the remainder of the allegations in Paragraph 18.

19.    Defendants admit that venue is proper in the District of Columbia. Defendants deny the remainder of the allegations in Paragraph 19.

## ALLEGATIONS COMMON TO ALL COUNTS

20.    Defendants incorporate the responses to Paragraphs 1 through 19 above, as if fully set forth herein.  No further response is required as the statement in Paragraph 20 does not require an admission or denial.

21.    Admitted.

22.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 22, and therefore deny the same.

23.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 23, and therefore deny the same.

24.    Denied.

25.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 25, and therefore deny the same.

26.    Defendants admit that Defendant Rabasa posted to craiglist.com. Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations of Paragraph 26, and therefore deny the same.

27.    Defendants admit that the statement in Pargraph 27 was made. Defendants deny the remainder of the allegations in Paragraph 27.

28.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 28, and therefore deny the same.

29.    Denied.

## COUNT I
## COPYRIGHT INFRINGEMENT AGAINST DC KICKBALL

30.    Defendants incorporate the responses to Paragraphs 1 through 29 above, as if fully set forth herein.  No further response is required as the statement in Paragraph 30 does not require an admission or denial.

31.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 31, and therefore deny the same.

32.    Defendants admit that the Copyright Act grants exclusive rights to reproduce and distribute copyrighted works to copyright owners.  Defendants deny the remainder of the allegations of Paragraph 32.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

## COUNT II
## DEFAMATION AGAINST RABASA AND DC KICKBALL

40.    Defendants incorporate the responses to Paragraphs 1 through 39 above, as if fully set forth herein.  No further response is required as the statement in Paragraph 40 does not require an admission or denial.

41.    Admitted.

42.    Admitted.

5

43.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 43, and therefore deny the same.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Admitted.

49.    Admitted.

50.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 50, and therefore deny the same.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Admitted.

56.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 56, and therefore deny the same.

57.    Admitted.

58.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 58, and therefore deny the same.

59.    Denied.

60.    Denied.

61.    Denied.

62.     Defendants admit that Rabasa was a division leader and was aware of the existence of the website.  Defendants deny the remainder of the allegations of Paragraph 62.

63.     Denied.

64.     Denied.

65.     Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 65, and therefore deny the same.

66.     Denied.

## COUNT III
## FALSE DESCRIPTIONS AGAINST DCKICKBALL AND RABASA

67.     Defendants incorporate the responses to Paragraphs 1 through 66 above, as if fully set forth herein.  No further response is required as the statement in Paragraph 67 does not require an admission or denial.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Defendants deny each and every other allegation set forth in the Complaint not specifically admitted in Paragraphs 1 through 71 above.

## PRAYER FOR RELIEF

73.     Defendants deny that Plaintiff is entitled to any relief whatsoever in this action, either as prayed for in the Complaint or otherwise.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged work lacks originality, as the alleged work at issue in this action is and has long been in the public domain.

### THIRD AFFIRMATIVE DEFENSE

Defendants have not infringed any valid or enforceable copyright owned by Plaintiff in violation of 17 U.S.C. §101, *et seq.* or District of Columbia common law.

### FOURTH AFFIRMATIVE DEFENSE

Defendants have not infringed any valid or enforceable trademark, service mark, trade name or trade dress owned by Plaintiffs in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125 or District of Columbia common law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged work is not protectable as valid, copyrightable subject matter.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's asserted copyright registration is invalid.

### SEVENTH AFFIRMATIVE DEFENSE

Even if Defendants have infringed Plaintiff's alleged copyright, such infringement was innocent.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has waived any right to recovery statutory damages for infringement, if any, of copyright in an unpublished work commenced before the effective date of the

registration and for infringement, if any, of copyright commenced after first publication of the work and before the effective date of its registration, because Plaintiff failed to make registration within three months after the first publication of the work.

### NINTH AFFIRMATIVE DEFENSE

Defendants have not made, knowingly or otherwise, any false statement regarding Plaintiff or any activity sponsored by or affiliated with Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has misused its copyright by impermissibly attempting to broaden its scope.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants' use of Plaintiff's alleged copyrighted work is a fair use.

## DEFENDANTS' COUNTERCLAIMS

The Defendants, DC Kickball and Carter Rabasa, for their counterclaims against the Plaintiff herein allege:

1.      Counterclaim Plaintiff DC Kickball is Washington D.C. a non-stock corporation organized and existing under the laws of the District of Columbia and has an address at 1843 Biltmore Street NW. Apt. B, Washington, D.C. 20009-1903.

2.      Counterclaim Plaintiff Carter Rabasa is a citizen of the District of Columbia with an address at 1843 Biltmore Street NW. Apt. B, Washington, D.C. 20009-1903.

3.      Counter Defendant WAKA, LLC is a Virginia limited liability company with its principal place of business at 3834 Beech Down Drive, Chantilly, Virginia and trades as the World Adult Kickball Association.

4.      This action arises under the antitrust laws of the United States, and more particularly Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2, and Section 4 of the Clayton Act, 15 U.S.C. § 4, and under the laws of the District of Columbia.

5.      This Court has jurisdiction over the subject matter of and the parties to this action pursuant to 28 U.S.C. §§ 1331 and 1337, and under the Court's supplemental jurisdiction, as all claims arise from the same operative facts.

6.      Venue is proper in this District pursuant to the Clayton Act, 15 U.S.C. § 22, because Counter Defendant transacts business in this District.

7.      Counter Plaintiffs do not infringe the alleged copyrighted work of Counter Defendant, as the alleged copyrighted work (kickball rules) does not amount to

copyrightable subject matter and lacks originality, as the alleged work has long been in the public domain.

      7.     Counter Defendant, by bringing this baseless action for copyright infringement is impermissibly attempting to expand the scope of protection of the alleged work beyond the limits allowed by the copyright laws of the United States. Counter Defendant is thus knowingly and wrongfully asserting a copyright claim in an attempt to limit competition in the adult kickball league market.

**COUNT I**
**COMBINATION AND CONSPIRACY TO RESTRAIN TRADE AND MONOPOLIZE**

      8.     Counterclaim Plaintiffs reassert and incorporate herein by reference the allegations set forth in Paragraphs 1 through 7 above.

      9.     Counterclaim Plaintiffs bring this action pursuant to Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and Section 4 of the Clayton Act, 15 U.S.C. § 4. Counter Defendant has engaged in unlawful combination and conspiracy in violation of Sections 1 and 2 of the Sherman Act to unreasonably restrain trade and to monopolize or attempt to monopolize commerce in the United States. The relevant market is the market for organizing, and conducting adult kickball leagues in the United States and/or the District of Columbia.

      10.     Counter Defendant possesses monopoly power in the relevant market. Counter Defendant has willfully acquired and maintained that power as demonstrated by conduct designed to exclude or inhibit competition in the relevant market. Counter Defendant's act of asserting the baseless copyright infringement claim against

11

Counterclaim Plaintiffs was intended to and has unreasonably restrained trade and inhibited competition in the relevant market.

11.    As a direct result of Counter Defendant's actions and the effects thereof, the business operations of Counterclaim Plaintiffs have been substantially impacted and Counterclaim Plaintiffs have suffered significant business damage.

12.    Pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15, Counterclaim Plaintiffs are entitled to recover treble damages and their reasonable attorney's fees and expenses.

## COUNT II
## VIOLATIONS OF THE DISTRICT OF COLUMBIA ANTITRUST LAWS

13.    Counterclaim Plaintiffs reassert and incorporate herein by reference the allegations set forth in Paragraphs 1 through 13 above.

14.    Counterclaim Plaintiffs bring this action pursuant to District of Columbia Code §§ 28-4502, 28-4503 and 28-4508.  Counter Defendant has engaged in unlawful combination and conspiracy in violation of these sections to unreasonably restrain trade and to monopolize or attempt to monopolize commerce in United States and/or the District of Columbia. The relevant market is the market for organizing and conducting adult kickball leagues in the United States and/or the District of Columbia.

15.    As set forth above, Counter Defendant possesses monopoly power in the relevant market.  Counter Defendant has willfully acquired and maintained that power as demonstrated by conduct designed to exclude or inhibit competition in the relevant market.  Counter Defendant's act of asserting the baseless copyright infringement claim

12

against Counterclaim Plaintiffs was intended to and has unreasonably restrained trade and inhibited competition in the relevant market.

16.    As a direct result of Counter Defendant's actions and the effects thereof, the business operations of Counterclaim Plaintiffs have been substantially impacted and Counterclaim Plaintiffs have suffered significant business damage.

17.    Pursuant to District of Columbia Code § 28-4508, Counterclaim Plaintiffs are entitled to recover treble damages and their reasonable attorney's fees and expenses.

WHEREFORE, Counter Plaintiffs DC Kickball and Carter Rabasa pray for relief as follows:

(a)    Preliminary and permanent orders enjoining WAKA, LLC, its agents, servants, subcontractors, suppliers, employees, distributors, dealers and all other persons acting in concert or participation with it or them from further anticompetitive acts in violation of the antitrust laws of the United States and the District of Columbia;

(b)    An award of damages, together with interests and costs to compensate Counterclaim Plaintiffs for violations of the antitrust laws of the United States and the District of Columbia, including lost profits and damage to reputation, and in increase in all such damages as allowed under the antitrust laws of the United States and the District of Columbia;

(c)    An award of attorneys' fees and all other costs incurred in the defense of this action;

(d)    A declaration from the Court that Counterclaim Plaintiffs does not infringe upon the copyright in suit and that such copyright is invalid;

(e)     Such other and further relief, at law or in equity, to which Counterclaim

Plaintiffs may be justly entitled.

**DATED**: July 21, 2006                      **NOVAK DRUCE & QUIGG LLP**

 

_____

By:     Melvin A. Todd
        D.C. Bar No. 481782
        1300 Eye Street, N.W.
        400 East Tower
        Washington, DC 20005
        Phone: 202-659-0100
        Facsimile: 202-659-0105
        *Attorney for Defendants*

**OF COUNSEL:**

Gregory V. Novak, Esq.
NOVAK DRUCE & QUIGG LLP
1300 Eye Street, N.W.
400 East Tower
Washington, DC 20005
Phone: 202-659-0100
Facsimile: 202-659-0105

William R. Towns, Esq.
Jeffrey J. Morgan, Esq.
NOVAK DRUCE & QUIGG LLP
Wells Fargo Plaza
1000 Louisiana
Fifty Third Floor
Houston, TX 77002
Phone: 713-571-3400
Facsimile: 713-456-2836

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiffs herein make this their demand for trial by jury of all

issues in this action pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure.


**DATED**:  July 21, 2006                              **NOVAK DRUCE & QUIGG LLP**


By:     Melvin A. Todd
        D.C. Bar No. 481782
        1300 Eye Street, N.W.
        400 East Tower
        Washington, DC 20005
        Phone: 202-659-0100
        Facsimile: 202-659-0105
        *Attorney for Defendants*


**OF COUNSEL:**

Gregory V. Novak, Esq.
NOVAK DRUCE & QUIGG LLP
1300 Eye Street, N.W.
400 East Tower
Washington, DC 20005
Phone: 202-659-0100
Facsimile: 202-659-0105

William R. Towns, Esq.
Jeffrey J. Morgan, Esq.
NOVAK DRUCE & QUIGG LLP
Wells Fargo Plaza
1000 Louisiana
Fifty Third Floor
Houston, TX 77002
Phone: 713-571-3400
Facsimile: 713-456-2836

## CERTIFICATE OF SERVICE

     This certifies that a true and correct copy of the foregoing **DEFENDANTS'
ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND DEMAND
FOR JURY TRIAL** was served on Plaintiff's counsel via First Class Mail and Facsimile
Transmission on July 21, 2006 as follows:

         Thomas M. Dunlap, Esq.
         Daniel L. Grubb, Esq.
         Dunlap, Grubb & Weaver, P.C.
         199 Liberty St., SW
         Leesburg, VA 20175-2715
         Facsimile: 703-777-3656

                   _____
                   Of  Novak Druce & Quigg LLP

16