UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAKA, LLC, | ) |
| | ) |
|     **Plaintiff - Counterclaim Defendant** | ) |
| | ) |
| v. | ) Civil Action No. 1:06cv00984 EGS |
| | ) |
| DCKICKBALL, et al. | ) |
| | ) |
|     **Defendants - Counterclaim Plaintiffs.** | ) |
| | ) |

**PLAINTIFF'S ANSWER AND ADDITIONAL DEFENSES
TO DEFENDANTS' COUNTERCLAIMS**

COMES NOW, WAKA, LLC (hereinafter "WAKA" or "Counterclaim Defendant"), pursuant to *Rule 12(a)(2) and Rule 8(c) of the Federal Rules of Civil Procedure,* and files its Answer and Additional Defenses to the Counterclaims filed by DC Kickball and Carter Rabassa (hereinafter collectively "Counterclaim Plaintiffs") as follows:

**ANSWER**

WAKA has not monopolized any market, attempted to monopolize any market, or used any unfair methods of competition, nor has it violated any other antitrust law. The Counterclaim Defendant answers the allegations in the correspondingly numbered paragraphs of the Counterclaim Plaintiffs' Counterclaim (hereinafter "Counterclaim") as follows:

1. The allegations in Paragraph 1 are admitted.

2. The allegations in Paragraph 2 are admitted.

3. The allegations in Paragraph 3 are admitted.

4. The allegations in Paragraph 4 are legal conclusions and do not require an answer. To the extent that an answer is required, the allegations in this paragraph are denied and WAKA demands strict proof thereof.

5. The allegations in Paragraph 5 are legal conclusions and do not require an answer. To the extent that an answer is required, the allegations in this paragraph are denied and WAKA demands strict proof thereof.

6. The allegations in Paragraph 6 are legal conclusions and do not require an answer. To the extent that an answer is required, the allegations in this paragraph are denied and WAKA demands strict proof thereof.

7. The allegations in Paragraph 7 are denied and WAKA demands strict proof thereof.

### Count I: Combination and Conspiracy to Restrain Trade and Monopolize

8. WAKA reasserts its answers to paragraphs 1 through 7 above and incorporates those answers to Count I herein.

9. The allegations in Paragraph 9 are admitted to the extent that either the United States or the District of Columbia is the relevant market for the Sherman Act claims, but deny that both can be considered the relevant market for purposes of Sherman Act claims. The allegations in Paragraph 9 are also admitted to the extent that they allege the Counterclaim Plaintiffs are bringing an action pursuant to the Sherman Act and the Clayton Act. The remaining allegations in this paragraph are denied and WAKA demands strict proof thereof.

10. The allegations in Paragraph 10 are denied and WAKA demands strict proof thereof.

11. The allegations in Paragraph 11 are denied and WAKA demands strict proof thereof.

12. The allegations in Paragraph 12 are denied and WAKA demands strict proof thereof.

**Count II: Violations of the District of Columbia Antitrust Laws**

13. WAKA reasserts its answers to paragraphs 1 through 12 above and incorporates those answers to Count II herein.

14. WAKA admits the allegations in this count are brought pursuant to the laws of the District of Columbia. The allegations in Paragraph 14 are also admitted to the extent that either the United States or the District of Columbia is the relevant market for anti-trust claims brought pursuant to those laws, but deny that both can be considered the relevant market for purposes of the District of Columbia's anti-trust laws. WAKA denies the remaining allegations in this paragraph and demands strict proof thereof.

15. WAKA denies the allegations in Paragraph 15 and demands strict proof thereof.

16. WAKA denies the allegations in Paragraph 16 and demands strict proof thereof.

17. WAKA denies the allegations in Paragraph 17 and demands strict proof thereof.

**ADDITIONAL DEFENSES**

**First Additional Defense**

The counterclaims against WAKA do not allege facts sufficient to state claims upon which relief can be granted.

**Second Additional Defense**

Counterclaim Plaintiffs' claims are barred by the doctrine of laches.

**Third Additional Defense**

Counterclaim Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fourth Additional Defense

Counterclaim Plaintiffs' claims are barred by the doctrine of estoppel.

### Fifth Additional Defense

WAKA has not conspired with any party to unfairly harm the Counterclaim Plaintiffs. In the event that it is found to have been part of a conspiracy to unfairly harm the Counterclaim Plaintiffs, WAKA withdrew from any conspiracy before the commission of any overt act in furtherance of the conspiracy.

### Sixth Additional Defense

The Counterclaim Plaintiffs' claims are frivolous and/or have been brought in bad faith. Accordingly, WAKA is entitled to recover its costs, including attorney fees, incurred in defending against the counterclaims.

### Seventh Additional Defense

WAKA is operating under the rights of a party with a valid and registered copyright.

### Eighth Additional Defense

WAKA does not have a monopoly, is not likely to obtain a monopoly, and has never attempted to obtain a monopoly in any relevant market.

### Ninth Additional Defense

WAKA has valid copyright interests to protect in bringing its complaint against the Counterclaim Plaintiffs. To the extent that property interest is proved insufficient to sustain a claim for copyright infringement, WAKA had a good faith belief that it had valid copyright infringement claims against the Counterclaim Plaintiffs.

### Tenth Additional Defense

The Counterclaims are barred by the doctrine of release.

**Eleventh Additional Defense**

The Counterclaim Plaintiffs have failed to mitigate their damages.

**Twelfth Additional Defense**

WAKA's suit in the present case is an effort to protect its intellectual property rights through the judicial system, which is protected by the First Amendment to the Constitution of the United States, and thus the Counterclaims are barred by the *Noerr-Pennington* doctrine.

**Thirteenth Additional Defense**

The Counterclaims are barred by the doctrine of intra-corporate immunity.

**Fourteenth Additional Defense**

WAKA had legitimate business justifications for all of its conduct at issue in this matter.

**Fifteenth Additional Defense**

WAKA has an absolute right to refuse to license or share its intellectual property, including confidential information.

**Sixteenth Additional Defense**

WAKA's products, intellectual property, and proprietary information are not essential facilities in any relevant market.

**Seventeenth Additional Defense**

WAKA did not infringe any valid copyright belonging to companies named in the Complaint and one or more of such companies infringed valid copyrights belonging to WAKA.

**Eighteenth Additional Defense**

WAKA's conduct did not adversely affect competition in any relevant market.

WHEREFORE, having fully answered the Counterclaim the undersigned Counterclaim Defendant requests that all counts of the Counterclaim be dismissed; that the relief prayed for by the Counterclaim Plaintiffs in their Counterclaims be denied; and judgment in the Counterclaim Defendant's favor be entered against the Counterclaim Plaintiffs, including costs and reasonable attorney fees expended in defending against the Counterclaim. Counterclaim Defendant further requests that the Court award such other, further, and different relief as equity deems just and proper, and as justice may require. The Counterclaim Defendant reserves the right to alter or amend all or part of this Answer and to assert additional defenses, whether legal or equitable, if so advised, whenever it may obtain more information through discovery or otherwise, which now or hereafter are applicable and relevant to the defense of this action.

Respectfully submitted,

Dated July 27, 2006	**WAKA, LLC**
By its attorneys,


/s/ Thomas M. Dunlap
Thomas M. Dunlap, D.C. Bar # 471319
DUNLAP, GRUBB & WEAVER P.C.
1200 G Street, Suite 800
Washington, DC 20005
Counsel for Plaintiffs
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
*Attorney for the Counterclaim Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that this 27th day of July, 2006, a true and correct copy of the foregoing ANSWER AND ADDITIONAL DEFENSES TO DEFENDANTS' COUNTERCLAIMS was sent via US First Class Mail and facsimile to the following:

Melvin A. Todd
NOVAK DRUCE & QUIGG LLP
1300 Eye Street, NW
400 East Tower
Washington, DC 20005
Phone 202-659-0100
Facsimile 202-659-0105

                                                  /s/ Thomas M. Dunlap
                                                  Thomas M. Dunlap