UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAKA, LLC, )<br>)<br>       **Plaintiff,** )<br>)<br>)<br>    **v.** )<br>)<br>)<br>DC KICKBALL and CARTER RABASA, )<br>)<br>       **Defendants.** )<br>)<br>) | **Civil Action No. 1:06cv00984 EGS** |

## JOINT LOCAL CIVIL RULE 16.3 REPORT

Pursuant to the Court's Order of August 29, 2006 and Local Civil Rule 16.3(d), WAKA, LLC, DC Kickball and Carter Rabasa (collectively the "Parties") submit this Report to the Court with respect to their positions on the matters set forth in Local Rule 16.3(c).

### Brief Statement of the Case

This action was originally filed by WAKA, LLC ("WAKA") in the Federal District Court for the Eastern District of Virginia and was transferred to this District on venue considerations.

This is an action for copyright infringement under 17 U.S.C. §§ 101 *et seq.,* of the Copyright Act, defamation, and false description under 15 U.S.C. § 1125 of the Lanham Act arising out of the alleged willful conduct of Defendants. On July 21, 2006, Defendants filed their Answer, Affirmative Defenses, Counterclaims and Demand for Jury Trial. Defendants' counterclaims arise under 15 U.S.C. §§ 1-2 of the Sherman Act, 15 U.S.C. § 4 of the Clayton Act, and District of Columbia Code §§ 28-4502, 28-4503

and 28-4508 for violations of the District of Columbia Antitrust laws. In addition to a general denial, the Plaintiff/Counterclaim Defendant asserts a number of affirmative defenses.

### **Local Rule 16.3(c) Matters Discussed by the Parties**

The Parties hereby report on the matters required pursuant to Local Rule 16.3(c) as follows (the paragraph numbers below correspond to the paragraph numbers in L.R. 16.3(c)):

(1) There are no pending dispositive motions at this time. The Parties believe that dispositive motions pertaining to certain issues may be appropriate after the opportunity for discovery.

(2) The Parties agree that other parties should be joined or the pleadings amended no later than December 29, 2006. At this time, the Parties do not believe that other parties will be joined.

(3) The parties agree that the case should not be assigned to a Magistrate Judge for all purposes, including trial.

(4) The Parties have engaged in preliminary settlement discussions. Plaintiff has offered to release all copyright infringement claims in exchange for Defendants' agreement to use any copied material under a free use license agreement. Defendant is considering Plaintiff's proposal, but does not favor the piecemeal settlement of issues in this case, preferring that any settlement resolve the case in its entirety. The Parties anticipate that settlement discussions will continue, and as discussed below, are also considering, if necessary, submitting the matter to mediation no later than December 29, 2006.

(5) The Parties have discussed the possibility of mediation through a qualified private mediator. The Parties agree that such mediation, if necessary, should be completed no later than December 29, 2006.

(6) No summary judgment motions have been filed. The Parties believe that summary judgment motions may be appropriate to resolve certain issues after the opportunity for discovery.

(7) The Parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than <u>October 31, 2006</u>.

(8) The Parties believe that discovery should be conducted in accordance with the Joint Proposed Scheduling Order submitted herewith. In general, the Parties believe that fact discovery should take place first, followed by expert discovery. The Parties agree that the limits placed on discovery by the Federal Rules of Civil Procedure and the Local Rules of this Court should apply. The Parties also believe that a protective order is appropriate and intend to negotiate such an order for submission to the Court.

(9) The Parties propose that the exchange of expert reports and the depositions of experts should be conducted in accordance with the Joint proposed Scheduling order submitted herewith. The Parties believe that the expert reports should be governed by Fed. R. Civ. P. 26(a)(2) and that the party having the burden of proof on an issue should submit the report(s) of its expert(s) on these issue(s) and the opposing party should thereafter submit its rebuttal report(s) in opposition thereto.

(10) Not applicable. This is not a class action.

(11) The Parties agree that neither discovery (except to the extent that the Parties propose different deadlines for fact versus expert discovery in the Joint Proposed Scheduling Order) nor trial should be bifurcated or phased.

(12) A status conference should be held on or about <u>January 14, 2008</u>, to discuss matters concerning any pending dispositive motions, final pretrial deadlines and trial date.

(13) The Parties believe that the Court should set a firm trial date at the January 14, 2008 status conference.

(14) All matters which the Parties believe should be included in the scheduling order are set forth in the Joint Proposed Scheduling Order submitted herewith.

**DATED**:  September 27, 2006

/s/ Thomas M. Dunlap
By:   Thomas M. Dunlap
       D.C. Bar # 471319
       DUNLAP, GRUBB & WEAVER P.C.
       1200 G Street, NW Suite 800
       Washington, DC 20005
       Telephone: 202-316-8558
       Facsimile: 202-318-0242
       tdunlap@dglegal.com
       *Attorney for the Plaintiff - Counterclaim Defendant*

/s/ Melvin A. Todd
By:   Melvin A. Todd
       D.C. Bar No. 481782
       NOVAK, DRUCE & QUIGG LLP
       1300 Eye Street, N.W.
       400 East Tower
       Washington, DC 20005
       Telephone: 202-659-0100
       Facsimile: 202-659-0105
       *Attorney for Defendants*

**OF COUNSEL:**

Gregory V. Novak, Esq.
NOVAK DRUCE & QUIGG LLP
1300 Eye Street, N.W.
400 East Tower
Washington, DC 20005
Phone: 202-659-0100
Facsimile: 202-659-0105

William R. Towns, Esq.
Jeffrey J. Morgan, Esq.
NOVAK DRUCE & QUIGG LLP
Wells Fargo Plaza
1000 Louisiana
Fifty Third Floor
Houston, TX 77002
Phone: 713-571-3400
Facsimile: 713-456-2836