**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WAKA, LLC, | ) |
| | ) |
|     Plaintiff - Counterclaim Defendant | ) |
| | ) |
| v. | ) Civil Action No. 1:06cv00984 EGS |
| | ) |
| DC KICKBALL, et al. | ) |
| | ) |
|     Defendants - Counterclaim Plaintiffs. | ) |
| | ) |

**REPLY MEMORANDUM IN SUPPORT OF 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS AND/OR 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING COUNTERCLAIM**

COMES NOW, WAKA, LLC (hereinafter "WAKA" or "Counterclaim Defendant"), and submits this reply memorandum in support of its motion to dismiss or alternative motion for judgment on the pleadings. The memorandum in opposition to the motion to dismiss does not address the motion for judgment on the pleadings instead relying on the well pleaded complaint rule to address the motion to dismiss. Nevertheless, as the counterclaims as plead can afford no relief, they should be dismissed.

**LEGAL ARGUMENT**

As set forth in the motion to dismiss, an antitrust claim cannot be plead in a conclusory fashion but must set forth the following allegations: 1) it must also allege an anticompetitive impact on the market 2) reflecting the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation. The injury for which damages are sought must be alleged to have resulted from losses stemming from a competition-reducing aspect or effect of the defendant's behavior. *Atlantic Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 344, 109 L. Ed. 2d 333, 110 S. Ct. 1884 (1990).*

Although DC Kickball contends that it "clearly has alleged antitrust injury," an examination of the allegations shows no such thing. Nowhere in the counterclaim is it pled that WAKA's conduct is anticompetitive, that it has reduced or is reducing competition, has restrained or is restraining trade, or has forced or is forcing competitors out of the market. Indeed, it has alleged no impact on competition at all. At most, DC Kickball and Rabassa have pled in conclusory fashion that the use of their copyright claim over their rules, regulations and materials is being wrongfully asserted in an attempt to limit competition in the adult kickball league market. Absent a demonstrated injury to competition, the pleading requirements are not satisfied. *Mizlou Television Network, Inc. v. National Broadcasting Co.,* 603 F. Supp. 677 (D.D.C. 1984). Without any "factually supported allegations of anticompetitive effect," plaintiff's antitrust claims must be dismissed. *Association of Retail Travel Agents, Ltd. v. Air Transport Ass'n of America,* 635 F. Supp. 534, 537 (D.D.C. 1986).

Indeed, as D.C. Kickball makes plain in its opposition memorandum, the basis for the counterclaim is nothing more than an attempt to complain about the copyright infringement lawsuit brought by WAKA. Equally unavailing is D.C. Kickball's attempt to construe this complaint as sham litigation. Its citation to Trueposition, Inc. v. Allen Telecom, Inc., 2003 U.S. Dist. Lexis 881 (D. Del. 2003) ignores the United States Supreme Court precedent and teachings relied upon in Professional Real Estate Investors, Inc. et al. v. Columbia Pictures Industries, Inc., 508 U.S. 49; 113 S. Ct. 1920; 123 L. Ed. 2d 611 (1993). There the Supreme Court had this to say about sham litigation and a litigant's responsibilities in the pleadings when trying to use sham litigation as a way around Noerr-Pennington:

> "… fidelity to precedent compels us to reject a purely subjective definition of "sham." The sham exception so construed would undermine, if not vitiate, *Noerr*. And despite whatever "superficial certainty" it might provide, a subjective

standard would utterly fail to supply "real 'intelligible guidance.'"" Professional Real Estate Investors, 508 U.S. at 60. In the opinion, the Supreme Court lays out a two part test. First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under Noerr Pennington and an antitrust claim premised on the sham exception must fail. Only if the challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. Under this second part, the court should focus on whether the baseless lawsuit conceals an attempt to interfere directly with the business relationships of a competitor through the use of the lawsuit as opposed to the outcome of that lawsuit as an anticompetitive weapon. The litigant seeking to characterize the litigation as sham litigation is required to disprove the challenged lawsuit's legal viability. Professional Real Estate Investors, Inc., 508 U.S. at 60- 61.

Inasmuch as the Noerr-Pennington doctrine specifically allows a company or person to sue to protect their intellectual property, such a lawsuit in and of itself cannot be a basis for a claim of monopolization or antitrust violation. That this is all that D.C. Kickball is doing is borne out by D.C. Kickball's statement in their opposition memorandum that says "WAKA is knowingly asserting a baseless claim of copyright infringement in an impermissible attempt to prevent DC Kickball … from operating unless sanctioned by WAKA to do so." Opposition memorandum at p. 5. As the U.S. Supreme Court has stated, such a bare allegation cannot be allowed to remove the Noerr Pennington immunity otherwise Noerr Pennington would be meaningless as any litigant could defeat it simply by making such an allegation.

D.C. Kickball's attempt to trivialize WAKA's position as having copyright protected rules by stating that the rules are in the public domain and that WAKA could not have invented the rules of kickball universally used is belied by statements made by their own principal on the website as alleged in the Complaint. Specifically, D.C. Kickball's Carter Rabassa is quoted in the complaint as having acknowledged that copying WAKA's rules would be problematic and admitting to having copied the rules from the Little Rock Kickball Association.

Frankly, D.C. Kickball knows that the protection of WAKA's copyright material is at the heart of this litigation. Any attempt to convert this lawsuit into an antitrust claim is disingenuous at best.

## CONCLUSION

The opposition memorandum points to no specific allegations of facts pled to show an antitrust injury that it is suffering in the marketplace. Also, the opposition memorandum points to no reason why this is not barred by the Noerr Pennington Doctrine; to the contrary, the opposition memorandum makes clear that the only reason it has filed the counterclaim is because of WAKA's lawsuit to protect its intellectual property. As that lawsuit cannot be said to be meritless, this Court should dismiss the counterclaims and maintain the litigation for what it is – a claim over the theft of the rules and intellectual property of WAKA.

For all of the foregoing reasons, and those articulated in the original memorandum of points and authorities, the counterclaims asserted by DC Kickball and Rabassa are not well founded in law and should be dismissed either for failure to state a claim which can be granted or resolved in favor of Plaintiff on a judgment on the pleadings.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated February 5, 2007 | **WAKA, LLC**<br>By its attorneys, |

/s/ Thomas M. Dunlap
Thomas M. Dunlap, D.C. Bar # 471319
Lee E. Berlik, D.C. Bar# 458370
Eugene W. Policastri, D.C. Bar# 470203
DUNLAP, GRUBB & WEAVER P.C.
1200 G Street, NW Suite 800
Washington, DC 20005
Counsel for Plaintiffs
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
*Attorney for the Plaintiff - Counterclaim Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that this 5th day of February, 2007, a true and correct copy of the foregoing REPLY MEMORANDUM was sent via US First Class Mail and facsimile to the following:

Melvin A. Todd
NOVAK DRUCE & QUIGG LLP
1300 Eye Street, NW
400 East Tower
Washington, DC 20005
Phone 202-659-0100
Facsimile 202-659-0105

/s/ Thomas M. Dunlap
Thomas M. Dunlap

5