UNITED STATES DISTRICT COURT{PRIVATE }
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAKA, LLC, | ) |
| | ) |
| **Plaintiff - Counterclaim Defendant** | ) |
| | ) |
| v. | ) Civil Action No. 1:06cv00984 EGS |
| | ) |
| DC KICKBALL, et al. | ) |
| | ) |
| **Defendants - Counterclaim Plaintiffs.** | ) |

**STIPULATED PROTECTIVE ORDER**

The above captioned parties, by and through the undersigned attorneys, jointly stipulate and submit for the Court's approval the following stipulated Protective Order ("Order") concerning confidential information which includes "attorneys-eyes-only" information.

The parties in this action, by and through their respective attorneys, stipulate as follows.

1. The term **"Confidential Information"** means and includes any and all documents, oral statements or testimony, responses to interrogatories or requests to admit, affidavits, data, or other information, including, without limitation, any copies or oral or written summaries of any of the foregoing, provided or disclosed by any of the parties in connection with this litigation which are designated in good faith as proprietary or confidential information at the time of their production or disclosure in this action. Any party wishing to designate a document or other thing produced by that party as Confidential Information shall, when it is practical to do so, stamp or otherwise mark the produced document or other thing with the word **"Confidential."** In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as Confidential Information at the time of its production, that party shall have thirty (30) business days after it first becomes aware of such failure to so stamp or otherwise designate the document or other information, which shall thereafter be treated as

Confidential Information hereunder. Any Confidential Information that a party believes should not be disclosed to any officer, director or employee of the other party, nor to such other party's in-house counsel, may be designated as "Attorneys-Eyes-Only Information" in the same manner as set forth in this paragraph 2 for Confidential Information. Confidential information designated as "Attorneys-Eyes-Only Information" shall be limited to information regarding sales, pricing, profits, licensing and related financial information.

2. Only the following persons may have access to **Confidential Information** in this action and such access is further restricted to the purpose described in paragraph 6:

    a. One officer and one designated in-house counsel for each party that is named as a business entity (this sub-section does _not_ apply to individual, natural persons);

    b. Counsel of record for the parties in this action and all partners and associates thereof who are performing legal services in connection with this action;

    c. Such other persons, including experts, insurance company personnel, and/or insurance adjusters, as may be qualified to receive Confidential Information in this action pursuant to the provisions of paragraph 5 of this Order;

    d. Clerical personnel and legal assistants employed by the persons listed in (b) through (c) above;

    e. Stenographic reporters engaged in proceedings incident to this matter;

    f. Outside photocopy, imaging, database, and graphics services retained by the persons listed in (b) above, to the extent necessary to assist such counsel in this litigation; and

    g. Officers of this Court and their supporting personnel or officers of any appellate court to which any appeal may be taken or in which review is sought.

3. Only the following persons may have access to **Attorneys-Eyes-Only**

**Information** in this action, and such access is further restricted to the purpose described in paragraph 6:

  a. Partners, associates, and other employees of outside counsel of record in this action who have a legitimate need to see such documents for the purpose of this action, excluding any employees, officers and directors of any party or competitor of any party;

  b. Any person not an employee of a party who is expressly retained or sought to be retained by a party or any attorney described in paragraph 3(a) to assist in preparation of this action for trial, or trial, with disclosure only to the extent necessary to perform such work;

  c. Clerical personnel and legal assistants employed by the persons listed in (a) and (b) above; and

  d. The persons described in paragraphs 2(e) through (g).

 4. All persons identified in paragraphs 2(a), 2(c), or 3(b) hereof shall, prior to receiving any Confidential Information or Attorneys-Eyes-Only Information, acknowledge the terms of this Attorneys-Eyes-Only Protective Order in accordance with paragraph 10 by executing two copies of the "Acknowledgment" of this Protective Order appended as Attachment A. One of the three executed copies shall be provided to each of the three undersigned counsel.

 5. In addition to the persons defined in paragraphs 2 and 3 hereof, other people, who are reasonably necessary to assist trial counsel of record for any party in the preparation for trial or trial of this action, may be qualified to have access to Confidential Information or Attorneys-Eyes-Only Information through the following procedures:

  a. Any party proposing any such person shall submit to the other party a written statement setting forth the name of such proposed person, his or her occupation and

curriculum vitae, and business address, his or her relationship to the party, if any, and the proposed reason for access to the Confidential Information or Attorneys-Eyes-Only Information;

  b. Unless the notified party informs the proposing party of any objection in writing within five (5) business days after the confirmed receipt of the written statement, such person shall thereafter be allowed to have access to Confidential Information or Attorneys-Eyes-Only Information, as applicable, pursuant to the terms and conditions of this Order;

  c. Should any party in a timely manner notify the proposing party of its objection to any such proposed person, which objection shall be made in good faith and on reasonable grounds, the proposing party shall refrain from any disclosure of Confidential Information or Attorneys-Eyes-Only Information to such person until the objection has been resolved between the parties or ruled upon by the Court;

  d. No party shall use its rights to object to a proposed person to interfere with the ability of the other party to reasonably prepare for trial through the use of employed or outside experts; and

  e. All such persons shall, prior to receiving any Confidential Information or Attorneys-Eyes-Only Information, acknowledge the terms of this Protective Order in accordance with paragraph 10 below of this Protective Order by executing three copies of the "Acknowledgment" attached hereto as Attachment A. One of the three executed copies shall be provided to counsel for the plaintiff, the second executed copy shall be provided to counsel for the defendants, the final copy shall be submitted to counsel for the third-party defendants.

  6. Confidential Information and Attorneys-Eyes-Only Information shall be used only for the purpose of preparing for trial or trial of this action. Confidential Information and Attorneys-Eyes-Only Information shall not be used by the recipient for any business,

commercial, or competitive purpose. Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as Confidential Information or Attorneys-Eyes-Only Information to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face, prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party has designated as Confidential or Attorneys-Eyes-Only Information.

7.   Confidential Information, Attorneys-Eyes-Only information, and the substance or context thereof, including any notes, memoranda, or other similar documents relating thereto, shall not be disclosed to anyone other than a person qualified to have access and such disclosure is limited to the purpose described in paragraph 6.

8.   The signing of this Order or the failure of a party, at the time it receives designated information, to challenge or object to the confidentiality designation shall not be deemed a waiver of its rights to challenge or object to the designation at any later time.

   a.   In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved by the parties within a reasonable time period, then the party challenging the designation may request appropriate relief from the Court. The burden of proving that information has been properly designated as Confidential Information or Attorneys-Eyes-Only Information shall be on the designating party.

   b.   The inadvertent production of documents subject to a claim of attorney-client privilege and/or work product immunity shall not constitute a waiver of such privilege

and/or immunity. Upon learning that such an inadvertent production was made, the producing party shall promptly notify the receiving party and specifically identify the documents that were inadvertently produced. The receiving party shall, upon being so notified, within five (5) days return the identified documents and all copies to the producing party without limitation or qualification, and destroy all notes or other written documents, or all portions thereof, that incorporate, reference, include or otherwise reflect any privileged or immune information contained within such inadvertently produced documents. The receiving party's return of the documents shall be without prejudice to its right to move for an order compelling production of the documents on grounds other than waiver by inadvertent production.

9. Confidential Information and Attorneys-Eyes-Only Information shall not include any documents, information, or other material which:

a. has been or becomes part of the public domain by publication or otherwise, other than by any unauthorized act or omission on the part of the receiving party (including its agents, experts, or attorneys) or a nonparty alleged to have a duty to maintain such documents, information, or other material as confidential; or

b. was both lawfully obtained by and lawfully retained in the possession of the receiving party prior to and apart from this litigation or any other litigation in which any of these parties are involved; or

c. The receiving party lawfully receives from a nonparty who obtained same by legal means and without obligation of confidentiality to the party claiming its confidentiality.

10. Any persons, prior to receiving Confidential Information or Attorneys-Eyes-Only Information under paragraphs 2, 3, or 5, shall be furnished with a copy of this Order and shall acknowledge in writing by using a copy of Attachment A that he or she has read this Order,

understands it, agrees to be bound by it, and acknowledges his or her agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential or Attorneys-Eyes-Only Information or to this Order, including any proceeding relating to the enforcement of the Order.

11. If Confidential Information or Attorneys-Eyes-Only Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every effort to prevent further disclosure.

12. Any persons in possession of Confidential Information or Attorneys-Eyes-Only Information shall exercise reasonable and appropriate care with regard to the storage, custody, or use of Confidential Information or Attorneys-Eyes-Only Information in order to ensure that the confidential nature of the same is maintained.

13. Any pleading, paper, or other document filed in this action which contains or discloses Confidential Information or Attorneys-Eyes-Only Information shall be filed under seal in an envelope or other container with a label identifying this action and the title or nature of the enclosed material and further with the legend: "**CONFIDENTIAL – Filed Under Seal Pursuant to the Protective Order of Record.**" This envelope may be opened only upon order and under authority of the Court.

14. When Confidential Information or Attorneys-Eyes-Only Information is discussed, quoted, or referenced in any deposition, the disclosing party shall ensure that only persons qualified to have access are present.

15. When Confidential or Attorneys-Eyes-Only Information is incorporated in a transcript of a deposition, hearing, trial, or other proceeding, the disclosing party shall arrange

with the reporter to preserve the confidentiality of such information.

16. For a period beginning with the date of each deposition in this action and ending five (5) business days after receipt of the transcript by the attorneys for the parties to the action, the entire deposition and all exhibits thereto shall be treated as Confidential Information. Information disclosed at a deposition may be designated as confidential by either indicating on the record at the deposition that the testimony is Confidential Information or Attorneys-Eyes-Only Information or by notifying the opposing party and the court reporter in writing within five (5) business days of the receipt of the transcript of those pages and lines that are Confidential or Attorneys-Eyes-Only. Information disclosed at a deposition that is not designated as Confidential under the procedure set forth above shall not thereafter be designated as or deemed to be Confidential or Attorneys-Eyes-Only.

17. The obligations of this Order shall survive the termination of the action and continue to bind the parties and any people receiving Confidential Information or Attorneys-Eyes-Only Information under this Order. Within sixty days after the termination of this action by judgment, settlement, or otherwise, each party shall return to the producing party (to the extent actually produced by the producing party), or in the discretion of the producing party, destroy all documents containing or disclosing Confidential Information or Attorneys-Eyes-Only Information, and all copies thereof, whether in the possession of the party, their counsel, or experts. Each party's trial counsel shall have the right to retain documents constituting work product, a copy of pleadings, deposition transcripts, and deposition or trial exhibits.

18. This Order is not intended to address any discovery objections on the grounds of attorney-client privilege or work product or to preclude any party from seeking relief either from a provision of this Order or any other relief from this Court which may be appropriate.

19.     The term "documents" as used in this Order includes but is not limited to the following items, whether printed, microfilmed, computerized, electronically recorded in sound and/or pictures, or reproduced by any process, or written or produced by hand, and regardless of whether claimed to be privileged, confidential, or personal: letters, correspondence, memoranda, e-mail, computer storage media, reports, summaries, notes, removable adhesive notes, notebooks, sketches, prints, photographs, printed forms, manuals, brochures, diaries, books, lists, publications, agreements, working papers, wage surveys, intracompany and intercompany communications, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, and any and all other writings. The above items include any and all other materials of any tangible medium of expression and original or preliminary notes, including drafts, minutes, or copies or reproductions thereof.

20.     Nothing herein shall restrict a party's use of its own Confidential Information or Attorneys-Eyes-Only Information.

21.     An entity which is not a party to this litigation may take advantage of the protection provided by this Order, and such entity shall be entitled to all rights and protections afforded the parties under this Order.

22.     A party may designate documents, information, and material produced by others as Confidential Information or Attorney's Eyes Only.

23.     This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 24, inclusive, hereof.

24.     The parties jointly request that the Court enter the foregoing Protective Order as an order of this Court.

**IT IS SO ORDERED:**

9/5/07
Date

JUDGE EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

**IT IS SO STIPULATED:**

_____   /s/ William R. Towns_____
Date                                                               Melvin A. Todd D.C. Bar # 481782
William R. Towns (*pro hac vice*)
NOVAK DRUCE & QUIGG LLP
1300 Eye Street, N.W.
1000 West Tower
Washington, DC 20005
Phone: 202-659-0100
Facsimile: 202-659-0105
Attorneys for Defendants

OF COUNSEL:
Gregory V. Novak, Esq.
NOVAK DRUCE & QUIGG LLP
1300 Eye Street, N.W.
400 East Tower
Washington, DC 20005
Phone: 202-659-0100
Facsimile: 202-659-0105

Jeffrey J. Morgan, Esq.
NOVAK DRUCE & QUIGG LLP
Wells Fargo Plaza
1000 Louisiana
Fifty Third Floor
Houston, TX 77002
Phone: 713-571-3400
Facsimile: 713-456-2836

**IT IS SO STIPULATED:**

_____   /s/ Thomas M. Dunlap_____
Date                                                               Thomas M. Dunlap, D.C. Bar # 471319
Eugene W. Policastri, D.C. Bar#470203
DUNLAP, GRUBB & WEAVER P.C.
1200 G Street, NW Suite 800
Washington, DC 20005
Counsel for Plaintiffs
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
***Attorney for WAKA, LLC***

UNITED STATES DISTRICT COURT{PRIVATE }
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAKA, LLC, | ) |
| | ) |
| Plaintiff - Counterclaim Defendant | ) |
| | ) |
| v. | ) Civil Action No. 1:06cv00984 EGS |
| | ) |
| DC KICKBALL, et al. | ) |
| | ) |
| Defendants - Counterclaim Plaintiffs. | ) |
| | ) |

## ACKNOWLEDGEMENT

The undersigned acknowledges that he/she has read the Protective Order entered by the Court in the above-captioned matter, that he/she is one of the persons contemplated in paragraphs 2, 3 or 5(a) of the order and authorized to receive disclosure of information designated as Confidential Information or Attorneys-Eyes-Only Information, as applicable, and that he/she fully understands and agrees to abide by the obligations and conditions of the Order, including submission to the jurisdiction of this Court with respect to any issues arising thereunder.

_____    _____
Date                         Signature


_____    _____
Title or Position            Printed Name