# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAKA, LLC, | ) |
|     Plaintiff-Counterclaim Defendant, | ) |
| v. | ) Civil Action No. 1:06cv00984 EGS |
| DC KICKBALL, | ) |
|   and | ) |
| CARTER RABASA, Individually | ) |
|     Defendants-Counterclaim Plaintiffs. | ) |

## DEFENDANTS' MOTION FOR EXTENSION OF DISCOVERY PERIOD

COME NOW, Defendants DC KICKBALL and CARTER RABASA (hereinafter "DC Kickball"), and respectfully request the Court to continue the discovery period to and including April 4, 2008, the date of the next scheduled Status Conference before the Court.

At the January 8, 2008 Status Conference, the Court extended the discovery period to March 18, 2008. The Court also scheduled a Status Conference for that date. On March 10, 2008 the Court entered an order continuing the Status Conference to April 4, 2008. DC Kickball respectfully requests that the Court also extend the discovery period to the date of the next Status Conference.

I.    **Background Facts**

At the January 8, 2008 Status Conference, Plaintiff announced that it was no longer interested in settlement and that it was ready to proceed with the case. DC

Kickball responded that it too was prepared to proceed, but that there were several outstanding discovery issues which it needed time to resolve. As such, the Court extended the discovery period to the date of the next Status Conference of March 18, 2008. On January 15, 2008, despite Plaintiff's stated lack of interest in settlement, Counsel for Plaintiff transmitted a revised settlement offer to DC Kickball. Since that time, the parties have focused their efforts on settlement, rather than on the discovery issues. The last settlement communication was sent by DC Kickball to Counsel for Plaintiff on February 15, 2008. Having received no response to the settlement communication, on February 28, Counsel for Defendants followed-up with Counsel for Plaintiff by email indicating that if Plaintiff could not agree to the settlement terms proposed on February 15, then Plaintiff must address certain discovery issues which have been outstanding and of which Counsel for Plaintiff has been on notice since at least October 2007. To date, Counsel for Plaintiff has not responded to either the proposed settlement terms or the discovery issues.

On March 5, 2008 Counsel for Plaintiff contacted Counsel for Defendants by email indicating that Plaintiff required a continuance of the Scheduling Conference and requesting Defendants' consent. Counsel for Defendants indicated that they would consent provided that the discovery period remained open and suggested an extension of thirty (30) days to allow the parties additional time to finalize settlement negotiations or resolve the outstanding discovery issues. Having received no response, Counsel for Defendants followed up with Counsel for Plaintiff on March 7. Again, there was no response from Counsel for Plaintiff. On Monday, March 10, Counsel for Plaintiff unexpectedly informed Counsel for Defendants that Plaintiff would be filing its Motion

2

for Continuance of the Status Conference without Defendants' consent. Counsel for Plaintiff subsequently filed the motion for continuance indicating that Counsel for Defendants did not consent. The Court granted Plaintiff's Motion on March 10, 2008.

Counsel for Plaintiff's representation to the Court that Counsel for Defendants did not consent is seriously misleading. To the contrary, Counsel for Defendants actually agreed to the continuance and suggested a potential date in the future. When Counsel for Defendants received no response to their proposal they even followed-up by email believing that if there was a problem with their proposal, Counsel for Plaintiff would be available to discuss as indicated in their communication of March 5, 2008. However, the only response Counsel for Defendants ever received was one indicating that a motion would be filed indicating that Counsel for Defendants would not consent. DC Kickball submits that Counsel for Plaintiff's representation to the Court that Counsel for Defendants did not consent is both misleading and inappropriate. Plaintiff did in fact consent to the motion, as long as the discovery deadline was similarly extended to the reset status conference date.

II.     **Extension of the Discovery Period is Warranted**

Defendants have been more than diligent in their efforts to either (1) seek a resolution of the litigation through settlement, or (2) move on from settlement to address Plaintiff's failure to cooperate in discovery. Plaintiff has been uncooperative on both fronts in its refusal to respond to Defendants' latest settlement proposal and its failure to address outstanding discovery issues. Plaintiff's complete failure to substantively respond on either issue since February 15 has placed Defendants at a significant disadvantage given the current discovery deadline of March 18, 2008. Moreover, as

3

ordered in Paragraph 3 of this Court's Scheduling Order, Counsel for Defendants is attempting to resolve the discovery issues directly with Counsel for Plaintiff prior to requesting Court intervention. As such, DC Kickball respectfully requests the Court extend the discovery period to and including the date of the next Status Conference of April 4, 2008.

  Due to Counsel for Plaintiff's abject failure to substantively respond to the discovery issues, Counsel for Defendants also anticipates that it will need a discovery conference with the Court at some point to resolve the issues.

  Counsel for Defendants contacted Counsel for Plaintiff and requested their consent to the extension of discovery, but Counsel for Plaintiff did not consent.

//

//

//

//

//

//

//

//

//

//

//

//

//

III.     Conclusion

For the reasons set forth herein, Defendants DC KICKBALL and CARTER RABASA respectfully request the Court continue the discovery period to and including April 4, 2008 which is the date of the next scheduled Status Conference before the Court, and for such other and further relief to which it may be justly entitled.

|  |  |
|---|---|
| **DATED**:  March 11, 2007 | **NOVAK DRUCE + QUIGG LLP** |
|  | **/s/ Melvin A. Todd** |
|  | By:  Melvin A. Todd |
|  | D.C. Bar No. 481782 |
|  | William R. Towns (*pro hac vice*) |
|  | 1000 Louisiana, 53rd Floor |
|  | Houston, TX 77002 |
|  | Phone: 713-571-3400 |
|  | Facsimile: 713-456-2836 |
|  | *Attorneys for Defendants* |

**OF COUNSEL:**
Gregory V. Novak, Esq.
NOVAK DRUCE + QUIGG LLP
1300 Eye Street, N.W.
1000 West Tower
Washington, DC 20005
Phone: 202-659-0100
Facsimile: 202-659-0105

Jeffrey J. Morgan, Esq.
NOVAK DRUCE + QUIGG LLP
1000 Louisiana 53rd Floor
Houston, TX 77002
Phone: 713-571-3400
Facsimile: 713-456-2836

**CERTIFICATE OF SERVICE**

I hereby certify that this 11th day of March, 2008, a true and correct copy of the foregoing MOTION FOR EXTENSION OF DISCOVERY PERIOD was served via the Court's ECF system to the following:

    Thomas M. Dunlap
    DUNLAP, GRUBB & WEAVER PLLC
    1200 G Street, NW Suite 800
    Washington, DC 20005
    Telephone 202-316-8558
    Facsimile 202-318-0242
    Attorney for the Plaintiff

                                          /s/ Melvin A. Todd
                                          Melvin A. Todd